UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-DPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BORIS ARENCIBIA

    Defendant.
_____/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO RESCHEDULE DETENTION HEARING SET FOR MAY 23, 2024**

Defendant, BORIS ARENCIBIA ("Mr. Arencibia"), through undersigned counsel files his response to the Government's Motion to Reschedule Hearing [DE 932] and states:

The Government's motion to reschedule raises three reasons as its basis to reschedule the detention hearing set by Judge Louis: (1) Special Agent Janelle Rudie's unavailability on the 23rd and 24th; (2) the need to now question inmate Oswaldo Gonzalez who the Government has known about since on or about April 17, 2024, and (3) the Government's alleged inability to complete its analysis of the call records obtained from the jail cellphone, which the Government has had in its possession since March 8, 2024. None of the reasons set forth by the Government warrant rescheduling the detention hearing.

First, Special Agent Rudie was at the hearing on May 14. Although A.U.S.A. Tamen was available until 4:00 p.m., the Government sought a continuance and the evidentiary hearing concluded at 3:15 p.m. The Government had the opportunity, and should have, presented or proffered Agent Rudie's testimony at that time. Second, the confession of Oswaldo Gonzalez has undoubtedly been known to the Government and, nevertheless, BOP would have had to interview

1



Gonzalez after receiving the confession to confirm it was a voluntary and truthful confession before removing Mr. Arencibia back to general population. Notably, Mr. Arencibia was placed in the general population within twelve hours of the FDC receiving the confession. Additionally, Inmate Gonzalez was still in the district until late April, early May. Finally, the cell phone was provided to the FBI on March 13, 2024, who did not issue subpoenas for the allegedly crucial evidence until April 19, 2024. *See Government Subpoena to providers attached hereto as* **Exhibit A**. The Government has been in possession of the phone since March 8, 2024. *See DE 914.* The Government's inaction is not a basis for resetting Mr. Arencibia's detention hearing.

## FACTS/TIMELINE

The jail cellphone was seized by FDC-Miami on March 8, 2024, s*ee DE at 914 at 6,* and turned over to the FBI on March 13, 2024. *See Id. at 7.*

Mr. Arencibia filed his Motion to Reopen Detention Hearing Pursuant to 18 U.S.C. §3142(f)(2) on March 15, 2024. *DE 910.*

The Government responded on March 25, 2024, and argued, among other things, that FDC officers confiscated a cellphone from the cell where Mr. Arencibia was assigned and attached a copy of FDC's report and communications between A.U.S.A. Frank Tamen and BOP about the cellphone and its discovery. *DE 914.*

On March 29, 2024, the Court set Defendant's Motion to Reopen the Detention Hearing for May 14, 2024. *See DE 916.*

On April 2, 2024, the undersigned contacted BOP and advised that Mr. Arencibia had been in the SHU for over 21 days and that BOP failed to comply with BOP regulations[1] since Mr.

---

[1] Under BOP Regulations, when an inmate is placed in the SHU for disciplinary segregation status as a sanction for committing a prohibited act, internal disciplinary reviews are conducted at seven and thirty days. *See 28 CFR §541.26.* The inmate may attend the initial seven-day



Arencibia "was not present at the [seven] day review[,] assuming it occurred." *See Email from Frank Quintero, Jr. to BOP Legal Liaison dated April 2, 2024, attached hereto as **Exhibit B***.

On April 17, 2024, while visiting Mr. Arencibia in the SHU, he provided an original handwritten confession from inmate Oswaldo Gonzalez, a copy of which was turned over immediately to Lieutenant Rodriguez who was the supervisor in the SHU and who provided a copy to his supervisor, Captain Taylor. *Id.*

By April 18, 2024, within twenty-four hours of providing the evidence to Lt. Rodriguez, the undersigned was advised that Mr. Arencibia was taken out of the SHU and returned to the general population. Mr. Arencibia would not have been returned to the SHU without BOP investigating the evidence provided and confirming its authenticity. *Id.*

Despite having the cellphone since on or about March 13, 2024, the Government did not request any phone data until April 19, 2024, over thirty days after they obtained the phone. *See* **Exhibit A**.

At issue for the May 14, 2024, hearing, was Mr. Arencibia's lack of involvement in the Santa Maria Music Festival as raised by the Defense and the seized cellphone, which the Government posits establishes Mr. Arencibia is a flight risk.

## ARGUMENT

At the May 14th hearing, Mr. Arencibia presented the testimony of Hector Diaz, who corroborated Mr. Arencibia's position that he had no involvement in the Santa Maria Music Festival except to allow his artists to participate. A copy of Mr. Ortiz's affidavit was attached to Mr. Arencibia's Motion to Reopen the Detention Hearing as Exhibit C. *See* DE 910 (Exhibit C).

---

review and, thereafter, the inmate's records will be reviewed. *See 28 CFR §541.26(b)*. After thirty days of continuous placement in disciplinary segregation status, the inmate's status is reviewed at a hearing the inmate may attend. *See 28 CFR §541.26(c)*.



Despite the amount of time that has elapsed since Mr. Arencibia filed his motion to reopen the detention hearing on March 14, 2024, and even though Special Agent Rudie was present at the continued detention hearing on May 14, 2024, the Government now for the first time maintains it has a confidential source and additional information to rebut the Defense evidence. The Government could have, and should have, proffered this evidence at the hearing, especially given the known conflicts in scheduling Special Agent Rudie. Instead, and even though it had at least forty-five minutes left to present its case, the Government sought a continuance. The fact that Special Agent Rudie, who was present at the detention hearing on May 14th, is not available on May 23, 2024, should not be the basis to reset the hearing where, clearly, the information held by Special Agent Rudie as alleged in the Government's Motion for Continuance was available to the Government on May 14, 2024.

As another basis for resetting the May 23rd hearing, the Government argues that it was provided a written statement from inmate Oswaldo Gonzalez at the May 14th hearing. The Defense has no obligation to provide the Government with discovery prior to any hearing but, more importantly, it is inconceivable to believe, with all the communications between the FDC and A.U.S.A. Tamen, that the Government did not know about Inmate Gonzalez's confession before the May 14th hearing. Nevertheless, the Government made the cellphone an issue in its March 25, 2024, response to Mr. Arencibia's Motion to Reopen the Detention hearing and was aware of Inmate Gonzalez's involvement as evidenced in the FBI Chain of Custody Log attached to the Government's Motion. *See DE 914 at 7.* The Government had every opportunity to question

inmate Gonzalez about the cellphone incident between March 7, 2024, and May 14, 2024.[2] Additionally, BOP would have likely questioned Inmate Gonzalez before transferring Mr. Arencibia from the SHU on April 18, 2024.

As a final basis for resetting the May 23, 2024, hearing, the Government argues that it needs additional time to analyze the call records obtained from the jail cellphone. The reality is that the Government did not have these records at the May 14th hearing and did not even request these records until April 19, 2024, approximately thirty days after the cellphone was confiscated by FDC-Miami.

The Government has not presented a reasonable basis to support its motion to reset Mr. Arencibia's detention hearing. The undersigned has repeatedly advised A.U.S.A. Tamen and the Court that he will be starting a three-week trial in state court beginning May 28, 2024. Resetting the detention hearing would mean that Mr. Arencibia remains incarcerated for another month. There is a presumption favoring pretrial release, *see United States v. Ingram,* 415 F. Supp. 3d 1072, 1077 (N.D. Fla. 2019) ("Liberty is the norm, and detention prior to trial or without trial is the carefully limited exception") (citing *United States v. Price,* 773 F. 2d 1526, 1528 (11th Cir. 1985) and, in this case, where Mr. Arencibia has presented unrebutted evidence to refute the finding that Mr. Arencibia was involved in organizing or promoting a music festival in Cuba, delaying Mr. Arencibia's detention hearing is unduly prejudicial. *See* 18 U.S.C. §3142(f)(2)(requiring that "for good cause, a continuance on motion of [a defendant] may not

---

[2] In fact, if the Government really wanted to interview Inmate Gonzalez, they would simply need to send a local agent to FMC Rochester where Inmate Gonzalez is located to interview him, write a report (FBI 302), and send the report to the agency in Miami. Conveniently, there is an FBI field office in Rochester, Minnesota, which is located at: 1301 Salem Road, Suite 200, Rochester, Minnesota, approximately fifteen minutes away. This can all be done in less than twenty-four hours.



QUINTERO BROCHE
75 Valencia Avenue · Suite 800 · Coral Gables, Florida 33134
Tel: (305) 446-0303 · Fax: (305) 446-4503

exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday").

WHEREFORE Defendant, BORIS ARENCIBIA, respectfully requests that this Honorable Court denies the Government's Motion to Reschedule the Detention Hearing [DE 932] and proceed with the detention hearing as scheduled on May 23, 2024, and grant such other relief as the court deems appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

**QUINTERO BROCHE, P.A.**
*Attorneys for Boris Arencibia*
75 Valencia Avenue, Suite 800
Coral Gables, Florida 33134
Tel: (305)446-0303
Fax: (305)446-4503

By: /s/    *Frank Quintero, Jr.*
    FRANK QUINTERO, Jr.
    FLORIDA BAR NO.: 399167

# EXHIBIT A

| FD-1035 (REV 2017-06-30) | U.S. DEPARTMENT OF JUSTICE/FEDERAL BUREAU OF INVESTIGATION |
|---|---|
| | **SUBPOENA** |

**Subpoena number: 957324**   When responding please reference this subpoena number.

**In the matter of case number(s):** 245K-MM-113449-AdminSubpoenas

| TO: | Verizon Wireless<br>Attn: Custodian of Records | TELEPHONE: | 800-451-5242 |
|---|---|---|---|
| ADDRESS: | 180 Washington Valley Road<br>Bedminster, NJ 07921 | FAX: | 888-667-0028 |

## GREETING:

By the service of this subpoena upon you by **Matthew C Lanthorn**, who is authorized to serve it, you are hereby commanded and required to disclose to **Matthew C Lanthorn**, a representative of the FBI, the following information for the period **2024-01-01** to **2024-04-19** or the billing cycle including the requested time period: Customer or subscriber name, address of service, and billing address; Length of service (including start date and end date); Local and long distance telephone connection records (examples include: incoming and outgoing calls, push-to-talk, and SMS/MMS connection records); Means and source of payment (including any credit card or bank account number); Telephone or Instrument number (including IMEI, IMSI, UFMI, and ESN) and/or other customer/subscriber number(s) used to identify customer/subscriber, including any temporarily assigned network address (including Internet Protocol addresses); Types of service used (e.g. push-to-talk, text, three-way calling, email services, cloud computing, gaming services, etc.) which may be relevant to an authorized law enforcement inquiry, involving the following:

561-978-6819

Please see the attached page explaining some terms that may be used in this demand. All time values are in the US/Eastern time zone, unless otherwise indicated.

**THE INFORMATION SOUGHT THROUGH THIS SUBPOENA RELATES TO A FEDERAL CRIMINAL INVESTIGATION BEING CONDUCTED BY THE FBI.**

**YOUR COMPANY IS REQUIRED TO FURNISH THIS INFORMATION.**

**YOU ARE REQUESTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA INDEFINITELY AS ANY SUCH DISCLOSURE COULD INTERFERE WITH AN ONGOING INVESTIGATION AND ENFORCEMENT OF THE LAW.**

Compliance must be made by personal appearance or production of records no later than the **19th** day of **May, 2024** at **09:00 o'clock AM**, at **2030 SW 145th Avenue, Miramar, FL 33027**.

In lieu of a personal appearance, the information can be provided, via email, marked to the attention of **Matthew Lanthorn**, at the following email: MCLANTHORN@FBI.GOV

If you refuse to obey this subpoena, the United States Attorney General may invoke the aid of a United States District Court to compel compliance. Your failure to obey the resulting court order may be punished as contempt.

Issued under authority of Sec. 506 of the Comprehensive Drug
Abuse Prevention and Control Act of 1970, Public Law No. 91-513
(21 U.S.C. 876)
**ORIGINAL**
Signature: S/ Brendan Collins

Name: Brendan Collins
Title: Supervisory Special Agent
**Issued this** 19th **day of** April, 2024

| Case number(s): 245K-MM-113449-AdminSubpoenas | | Subpoena number: 957324 |
|---|---|---|
| **CERTIFICATE OF SUBPOENA** <br> (Pursuant to Public Law No. 513, 91st Cong., 2nd Session) <br> (21 U.S.C. 876) | | |
| HOW SUBPOENA WAS SERVED (Check One) | ☐ | I handed an attested copy thereof to an officer or agent of the company authorized to receive service of process. |
| | ☐ | I provided via facsimile an attested copy thereof to an officer or agent of the company authorized to receive service of process. |
| | ☐ | I mailed an attested copy thereof to an officer or agent of the company authorized to receive service of process. |
| | ☐ | Signature on page one indicates that this subpoena was served electronically on the referenced date. |
| DATE SUBPOENA SERVED (Day, Month, Year) | | TIME |
| SIGNATURE | | TITLE |

| Case number(s): 245K-MM-113449-AdminSubpoenas | | Subpoena number: 957324 |
|---|---|---|

**(a) Authorization of use by Attorney General**

In any investigation relating to his functions under this subchapter with respect to controlled substances, listed chemicals, tableting machines, or encapsulating machines, the Attorney General may subpoena witnesses, compel the attendance and testimony of witnesses, and require the production of any records (including books, papers, documents, and other tangible things which constitute or contain evidence) which the Attorney General finds relevant or material to the investigation. The attendance of witnesses and the production of records may be required from any place in any State or in any territory or other place subject to the jurisdiction of the United States at any designated place of hearing; except that a witness shall not be required to appear at any hearing more than 500 miles distant from the place where he was served with a subpoena. Witnesses summoned under this section shall be paid the same fees and mileage that are paid witnesses in the courts of the United States.

**(b) Service**

A subpoena issued under this section may be served by any person designated in the subpoena to serve it. Service upon a natural person may be made by personal delivery of the subpoena to him. Service may be made upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering the subpoena to an officer, to a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. The affidavit of the person serving the subpoena entered on a true copy thereof by the person serving it shall be proof of service.

**(c) Enforcement**

In the case of contumacy by or refusal to obey a subpoena issued to any person, the Attorney General may invoke the aid of any court of the United States within the jurisdiction of which the investigation is carried on or of which the subpoenaed person is an inhabitant, or in which he carries on business or may be found, to compel compliance with the subpoena. The court may issue an order requiring the subpoenaed person to appear before the Attorney General to produce records, if so ordered, or to give testimony touching the matter under investigation. Any failure to obey the order of the court may be punished by the court as a contempt thereof. All process in any such case may be served in any judicial district in which such person may be found.

Subpoena number: 957324

## TERMINOLOGY

**IMPORTANT NOTE** This part is not a demand but an explanation of some terms used in the subpoena and some suggestions to help with compliance. The actual information demanded by this subpoena is set forth on the front of the subpoena or in Attachment A, if so indicated on the first page. The terms explained here may or may not be part of the information demanded.

> If the subpoena makes a demand for "local and long distance connection records, or records of session times and durations" for telephone or cell phone service, that means to include the following records if your company maintains these records—

- Incoming and outgoing local, regional, long distance, international, wholesale, cellular, paging, toll free, and prepaid connection records;
- Credit card calls (including, but not limited to, calls made through major credit card companies); and
- Alternate billed number calls (calls billed to third parties, collect calls, and calling card calls for calls through cards issued by the communications carrier originating from the foregoing telephone number(s) or terminating at the foregoing telephone numbers(s)).

> If the subpoena makes a demand for "length of service," include the start date and the close date if the account closed.

> If the subpoena makes a demand for customer or subscriber address, include both the postal address and physical address, if known.

> If the subpoena makes a demand for "means and source of payment" that means--

- Method of payment to initiate and maintain service; and
- Any available identification numbers for method of payment, including credit card numbers or prepaid calling card numbers.

> We are not directing that you provide, and you should not provide, information pursuant to this subpoena that would disclose the content of any wire communication. That means you should not disclose "any information concerning the substance, purport, or meaning of" a communication, as defined in Title 18 United States Code, Section 2510(8). Subject lines of e-mails are content information and should not be provided in response to this subpoena.

> If the records provided are particularly large we request that you provide this information in electronic format preferably on a CD-ROM.





FBI MIAMI - USERT
2030 SW 145TH AVENUE
MIRAMAR, FL 33027
UNITED STATES US

BILL SENDER

TO: SUBPOENA COMPLIANCE (CRIMINAL)
VERIZON WIRELESS
180 WASHINGTON VALLEY RD
BEDMINSTER NJ 07921

TRK# 7380 6456 2668

MON - 22 APR 5:00P
STANDARD OVERNIGHT

XE JVIA

07921
NJ-US  EWR

V&AT NJ
APR 22 2024
By: _____

Align bottom of peel-and-stick airbill...ouch here.

# EXHIBIT B

**Frank Quintero**

| | |
|---|---|
| **From:** | Frank Quintero |
| **Sent:** | Thursday, April 18, 2024 3:24 PM |
| **To:** | De Aguiar, Rick (BOP); Klett, Krista (BOP); FDC Legal Liaison (MIM-LegalLiaison-S@bop.gov) |
| **Cc:** | Jose Gonzalez |
| **Subject:** | Boris Arencibia 60626-004 |
| **Attachments:** | Subpoena Package.pdf |

Rick, Krista & Legal Department,

Yesterday morning before we went to the SHU we attempted to serve Ofc. J.Durant with a subpoena to testify at a hearing set for May 14th at 10 am before Magistrate Louis. We attempted to provide him with the attached subpoena package which is self-explanatory and in compliance with *Touhy* regulations. However, Ofc. Durant refused to accept the subpoena and attached documents (a copy of subpoena package is attached) and advised that we had to get permission from the legal department to serve him and for him to accept the subpoena. I was following Rick's instructions and *Touhy* regulations which incorporate the CFR regulations. Nothing in *Touhy* or in the CFR's, to my knowledge require that I get permission to serve a subpoena on a federal officer. Nevertheless, on 4/17/24 upon meeting with Mr. Arencibia we were provided with evidence that we turned over to Lt. Rodriguez who in turn provided a copy to Capt Taylor. This morning, 4/18/24, within 24 hours of providing that evidence to Lt. Rodriguez, we were advised that Mr. Arencibia had been taken out of SHU and returned to general population. We assume that decision was made in light of the exculpatory nature of the document/evidence that was provided to LT. Rodriguez.

We would like to avoid the need to subpoena any FDC-Miami officer regarding the cell phone issue. Therefore, we would like a copy of any report that would show the reason(s) why Mr. Arencibia was returned to general population. This will avoid the need to subpoena any FDC-Miami officer. It is our understanding that BOP policy is to provide a copy of any disciplinary disposition to the inmate. Will you provide me a copy of that disposition/report?

Thanks and stay safe.

PS-Once again the staff up in SHU was incredibly professional and helpful in getting us up there, situated and out within the time frame allowed by you for use of the contact room. Again, thank you so much for that privilege.

*Frank Quintero Jr.*

*Attorney at Law*



*75 Valencia Avenue, Suite 800*
*Coral Gables, FL 33134*
*Tel: (305)446-0303*
*Fax: (305)446-4503*
*Toll Free: (844)440-0303*
*E-Mail: fquintero@quinterolaw.net*
*Web: www.quinterolaw.net*

AV® Preeminent™ Rated & AV®Peer Review Rated
Martindale-Hubbell® Lawyer Ratings
**Super Lawyers®**
Top Lawyers in Florida
TOP ATTORNEYS IN FLORIDA
The Wall Street Journal & Miami Magazine


