UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cr-20674-DPG

UNITED STATES OF AMERICA

v.

BORIS ARENCIBIA,

    Defendant.
_____/

### ORDER ON DEFENDANT'S SECOND MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS

**THIS CAUSE** is before the Court on Defendant Boris Arencibia's Motion to Compel Discovery and for Sanctions. (ECF No. 987).[1] The Government filed a Response (ECF No. 1000), to which Defendant filed a Reply (ECF No. 1002). The undersigned conducted a hearing on October 24, 2024, at which Defendant and the case agent were present. Having reviewed the Motion, Response, Reply, the record as a whole, and upon agreement of the Parties, Defendant's Motion to Compel (ECF No. 987) is **DENIED, WITHOUT PREJUDICE,** as more fully set out below. This Order memorializes but does not alter the rulings made on the record.[2]

Arencibia moved to compel production of materials that were responsive to the Court's Order granting Arencibia's prior Motion to Compel. (ECF No. 992). Arencibia argued that, despite the Court's Order in open court, the Government failed to produce three categories of documents: (1) Records specific to Wholesalers Group Inc.; (2) copies of subpoenas issued to banking

---

[1] This Motion was referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge. (ECF No. 994).

[2] The Court heard Arencibia's Motion to Compel (ECF No. 987) along with his Motion for Bill of Particulars (ECF No. 981), and Co-Defendant Rivera Garcia's Motion for Bill of Particulars (ECF No. 975), at the same hearing date and time. Most, but not all, of the hearing was captured by the Court's audio-capture system for the record; following a break, when the Court took up this Motion, the device was not reinitiated for recording.

1

institutions in Puerto Rico regarding the Puerto Rican entity, Quality Supplement Distributors; and (3) documentary evidence used by the Government to conclude that the meeting described in Count 1's nineteenth over act (ECF No. 927 at 6), took place in 2018, rather than 2019 as was indicated in a witness statement produced by the Government. *See* (ECF No. 1002). Despite his prior representation that subpoenas had been served to banking institutions in Puerto Rico relating to Quality Supplement Distributors, the prosecutor's response stated that he had *not* issued any subpoena and offered no explanation for his basis for making the representation at the prior discovery hearing. (ECF No. 1000). Defendant's motion seeks sanctions for the Government's failure to produce discovery, pursuant to either agreement or Court order.

At the hearing, counsel for Arencibia proffered that materials sought in his Motion to Compel may have been produced to co-Defendant Jose Armando Rivera Garcia. Defendant Arencibia requested authorization to access those discovery materials; without opposition by either the Government or co-defendant Rivera Garcia, the Court granted Arencibia leave to access the discovery disclosed to Rivera Garcia. On counsel's concession that access to these materials may moot the relief he seeks in the present motion, he requested that the Court deny the Motion without prejudice to renew following his review of the discovery.

Accordingly, the Motion is **DENIED**, **WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Open Court at Miami, Florida, this 24th day of October, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE