UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER: 19-CR-20674-GAYLES

UNITED STATES OF AMERICA

*Plaintiff,*

v.

BORIS ARENCIBIA,

*Defendant.*
_____/

**NON-PARTY, ANNIE GONZALEZ'S, REPLY TO DEFENDANT ARENCIBIA'S RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENA *DUCES TECUM*[1]**

**COMES NOW,** NON-PARTY ANNIE GONZALEZ, and hereby files her Reply to Defendant Arencibia's Response to Motion to Quash Subpoena Duces Tecum and in support thereof, states as follows:

Marital Privilege Applies.

Defendant incorrectly cites to *United States v. Singleton*, for the proposition that the martial privilege does not apply here. 260 F. 3d 1295 (11th Cir. 2001). There are two recognized types of marital privilege: the marital confidential communications privilege and the spousal testimonial privilege. *United States v. Singleton*, 260 F.3d 1295, 1297 (11th Cir. 2001)(*citing, Trammel v. United States*, 445 U.S. 40, 50–51, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). Ms. Gonzalez is asserting both types of privileges here. The first is the marital

---

[1] Undersigned counsel filed his Motion to Adopt and Join the Reply [D.E. 1047] filed by the other non-parties seeking to quash similar subpoenas as those here.

**PRIETO LAW FIRM**
55 Merrick Way, Suite 212, Coral Gables, FL 33134
Office (305) 577-3440 - Fax (786) 971-5658

communications privilege, which has been recognized by the 11th Circuit Court of Appeals. *See*, *United States v. Entrekin*, 624 F.2d 597, 598 (5th Cir.1980); *United States v. Mendoza*, 574 F.2d 1373, 1379 (5th Cir.1978). The marital communications privilege can be asserted by both spouses, *see United States v. Picciandra*, 788 F.2d 39, 43 (1st Cir. 1986) (noting that the marital communications privilege "prohibits one spouse from **adversely** testifying to confidential communications made by the other during their marriage")(emphasis added), in order to "ensur[e] that spouses ... feel free to communicate their deepest feelings to each other without fear of eventual exposure in a court of law." *Breton*, 740 F.3d at 10 (quoting *United States v. Brock*, 724 F.3d 817, 820–21 (7th Cir. 2013) (citation omitted) (internal quotation marks omitted)). The marital communication privilege, when available, **can** be asserted by a defendant to prevent his or her spouse from testifying concerning the communication and to exclude related evidence. *United States v. Singleton*, 260 F.3d 1295, 1298 (11th Cir. 2001)(emphasis added). Singleton does not stand for the proposition that the privilege cannot be asserted by a spouse to discuss marital communications that are adverse to the other spouse. Here, Arencibia is trying to allege the privilege is extinguished when in fact the goal of the subpoena is a theoretical fishing expedition to obtain adverse information to impeach her spouse.

The second privilege asserted by Ms. Gonzalez is the spousal testimonial privilege. "The spousal testimonial privilege, by contrast, can only be asserted by the testifying spouse, *see Trammel,* 445 U.S. at 53, 100 S.Ct. 906, in order to protect him or herself from taking the witness stand at all. *United States v. Pineda-Mateo*, 905 F.3d 13, 25 (1st Cir. 2018)(citing, *Trammel*, 445 U.S. at 51, 100 S.Ct. 906 (noting that the spousal testimonial

privilege's "protection is not limited to confidential communications.")). The adverse spousal testimonial privilege is sometimes referred to as spousal incompetency. It can be asserted only by the witness-spouse. The marital communication privilege, when available, can be asserted by a defendant to prevent his or her spouse from testifying concerning the communication and to exclude related evidence. *United States v. Singleton*, 260 F.3d 1295, 1298 (11th Cir. 2001). Here, Arencibia seeks to undermine the privilege by arguing that because Arencibia is not the Ms. Gonzalez's spouse, that she cannot invoke the privilege; however, as indicated in Arencibia's own response, it appears that he seeks information, documentation, and testimony that is **adverse** to Mr, Stephen M. Costa, who is Ms. Gonzalez's husband.  The purported adverse testimony and communications that Arencibia seeks to capture in his fishing net are exactly what the recognized privilege are meant to protect. Additionally, the *Singleton* case is inapposite to the issues in the case *sub judice* as that involved a case of first impression for the 11th Circuit where the Court needed to evaluate whether the marital privilege applied to a couple that had been separated for some time, but not divorced. The Singleton holding rejected the argument for a bright-line rule that the privilege extends until a divorce is finalized. *Id*. at 1302. Arencibia's arguments are misplaced, and this Court should grant Ms. Gonzalez's Motion to Quash the Subpoena for the reasons above, as explained in the Motion to Quash, and as adopted by Ms. Gonzalez in the Reply filed by the other non-parties.

4

**WHEREFORE**, Non-Party, ANNIE GONZALEZ, respectfully prays that this Honorable Court enter an Order granting the Motion to Quash by non-party, Ms. Annie Gonzalez.

        Respectfully submitted,

        */s/Frank A. Prieto*
        FRANK A. PRIETO, ESQ.
        Florida Bar No.: 514071

### CERTIFICATE OF SERVICE

**I HEREBY** certify that on this **19th day of November 2024,** I electronically filed the foregoing document with Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission Notices of Electronic Filing generated by CM/ECF.

        **PRIETO LAW FIRM**
        55 Merrick Way, Suite 212
        Coral Gables, FL 33134
        Phone: (305) 577-3440
        Fax:    (786) 971-5658
        frank@frankprietolaw.com

        */s/Frank A. Prieto*
        FRANK A. PRIETO, ESQ.
        Florida Bar No.: 514071