UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20674-CR-GAYLES

UNITED STATES OF AMERICA

vs.

BORIS ARENCIBIA,

                Defendant. /

## FACTUAL PROFFER

The United States of America and defendant Boris Arencibia ("Arencibia") hereby stipulate and agree to the following facts, which form the basis for the defendant's plea of guilty to Count 3 of the Sixth Superseding Indictment, charging him with money laundering conspiracy. The defendant stipulates that the United States could prove these facts beyond a reasonable doubt if this case were to go to trial.

1. Beginning in 2013 and continuing until May 29, 2019, the defendant was involved in a conspiracy that entailed agreements with various other co-defendants to perpetrate mail fraud and to launder the proceeds from the scheme to defraud.

2. The offense conduct began in Puerto Rico, when the defendant met up with several co-conspirators who were interested in obtaining his assistance and participation in the offenses they were planning. He agreed to participate with them, and provided certain types of goods and services they were seeking. The services included means to transfer money obtained from illegal activities without leaving incriminating evidence.

3. Part of the conspiracy involved shipping products in interstate commerce using a commercial interstate carrier. The members of the conspiracy sent packages by FedEx from Puerto Rico to Florida and from Florida to Arizona and sometimes between other states. Arencibia was aware of the nature of these shipments and provided some of the goods shipped.

4. The products were sold under written, printed, and electronic representations about their nature and origins which were materially false, and which affected their value and marketability. These false representations enabled the perpetrators to make significant profits selling products that, if truthfully described, would not have been marketable. Arencibia was aware of and assisted in the falsifications.

5. Money obtained from the sales of the products was routed through multiple corporations using bank accounts controlled by straw owners. Some of the corporations were deceptively named to closely resemble other, legitimate companies. Money was wire-transferred from one account to another, then broken into smaller amounts and transferred again, through a series of transactions involving banks insured by the FDIC, ultimately being withdrawn in cash. Arencibia was involved in setting up some of these corporations and accounts, and helped establish the means used to transfer the funds. The transfers themselves were not directly conducted by Arencibia.

6. The purpose of transferring the money between and through multiple corporate accounts was to help disguise who owned and controlled the money, and the fact that it was derived through mail fraud. An additional purpose was to obtain cash that was used to purchase additional products that were then sold in furtherance of the scheme.

7. Arencibia was not continuously involved in the conspiracy. He was involved with different co-conspirators during different time periods. A major part of his involvement was in

setting up and supplying products, through other conspirators, to LDD Distributors LLC, a company established in Connecticut by co-conspirators Jose Rivera Garcia and Gustavo Linares Guzman.

8. LDD Distributors obtained approximately $7.3 million from sales of the products that were fraudulently misrepresented and were shipped in interstate commerce in furtherance of the conspiracy. Arencibia obtained a portion of this sum for his role in supplying the products and laundering the proceeds from their sales. He was also aware of the scope of the finances and proceeds obtained by LDD Distributors

9. The charged conspiracy was decisively ended by law enforcement actions on May 29, 2019

_____  
BORIS ARENCIBIA  
Defendant

_____  
FRANK QUINTERO, Jr.  
Defense Counsel

_____  
FRANK H. TAMEN  
Assistant United States Attorney

1/23/20  
Date

3