# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 19-20674-CR-GAYLES

**UNITED STATES OF AMERICA**

**v.**

**BORIS ARENCIBIA,**

**Defendant.**

_____/

## PLEA AGREEMENT

The United States of America and Boris Arencibia (hereinafter referred to as the Adefendant@) enter into the following agreement:

1.       The defendant agrees to plead guilty to Count 3 of the Sixth Superseding Indictment, which count charges him with money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h).

2.       The United States agrees to seek dismissal of the remaining counts of the indictment, as to this defendant, after sentencing.

3.       The defendant is aware that his sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter ASentencing Guidelines@).  The defendant understands that the court will determine his advisory sentence range under the Sentencing Guidelines, by relying in part on a Pre-Sentence Investigation conducted by the court=s Probation Office after his guilty plea has been entered.  The defendant further understands that the court is required to consider the Sentencing Guidelines advisory



range, but is not bound to impose that sentence; the court is permitted to decide his sentence based upon other statutory concerns, and his sentence may be either more severe or less severe than the Sentencing Guidelines= advisory range.   Knowing these facts, the defendant understands that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4.      The defendant understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 3 years.   In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $500,000, or twice the value of the funds involved in the offense.

5.      The defendant understands that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed.   The defendant agrees that the special assessment shall be paid at the time of sentencing.

6.      The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and his background.   Subject only to the express terms of any sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.



7.      The United States and the defendant jointly agree to recommend that the defendant be held accountable for offense conduct involving a loss amount of $7.3 million, for the purpose

of sentencing guidelines computations.   The parties jointly recommend that the following

guidelines be applied to the sentencing guidelines computations:

| | | |
|---|---|---|
| §2S1.1(a)(1), cross-referencing to §2B1.1(a)(2),   Base Offense Level: | | 6 |
| §2B1.1(b)(1)(J),   Loss amount of $7.3 million | | 18 |
| §2B1.1(b)(8)(A),   Offense conduct involving 18 USC §670 | | 2 |
| §2S1.1(b)(2)(B),   Conviction under 18 USC §1956 | | 2 |
| | | 28 |
| Acceptance | | -3 |
| Zero-point offender, §4C1.1 (if appliable) | | -2 |
| Adjusted Offense Level | | 23 |

Sentencing Range:   46 to 57 months, for criminal history Category I.

8.     The parties agree that no adjustments for sophisticated laundering, for obstruction

of justice, or for role adjustment are warranted for this defendant, and recommend that they not be

applied.

9.     The United States agrees that no additional indictments will be filed against the

defendant in the Southern District of Florida based upon any conduct known to federal law

enforcement as of the date of the defendant's plea.   The exception to this is a case being handled

by the Health Care Fraud unit of the Department of Justice (DOJ), which will be filed in the

Southern District of Florida, and which defense counsel has discussed with the DOJ Attorney

assigned to that case.   The parties will recommend that the sentences in this case and the DOJ

case be run concurrently.



10.     The United States agrees to recommend at sentencing that the court reduce by two

levels the sentencing guideline level applicable to the defendant=s offense, pursuant to Section

3E1.1(a) of the Sentencing Guidelines, based upon the defendant=s affirmative and timely acceptance of personal responsibility for his offense. If the defendant=s guideline range is level 16 or above, the United States will move for an additional one-level reduction pursuant to Sentencing Guideline Section 3E1.1(b).   However, the United States will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of his relevant offense conduct; (2) is found to have misrepresented relevant facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement; including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any government entity or official.

11.    The United States will recommend a sentence within the guideline range, most likely at the high end, 57 months.   The defendant agrees that he will not ask for any sentence below the middle of the range that the parties are recommending, which is 51 months.

12.    The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 963, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853, as made applicable by 21 U.S.C. § 970. 

13.    The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and

voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

14.     The defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense[s] of conviction.   The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.   This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

15.     The parties agree that there is no identifiable victim to whom restitution is applicable.

16.     The defendant understands that if he is not United States citizen, his conviction for this offense may result in his probable or mandatory removal or deportation from the United States at the expiration of his term of imprisonment. Removal and deportation proceedings are entirely separate matters from this case, and neither the court nor counsel for either party can be certain of the effect on the defendant=s immigration status of his guilty plea. The defendant nevertheless affirms that he wants to plead guilty even if this results in his automatic removal and exclusion 

from the United States.

17.     The defendant is aware that his sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that he may receive, whether that estimate comes from his attorney, the government, or the Probation Office, is a prediction, not a promise, and is not binding on the government, the Probation Office, or the court.   The defendant further understands that any sentencing recommendations that either the Government or the defendant makes to the court, or that the parties jointly make, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.   The defendant understands that he may not withdraw his guilty plea even if the court declines to accept any motions or recommendation made on his behalf.

18.     This is the entire agreement and understanding between the United States and the defendant.   There are no other agreements, promises, representations, or understandings.


MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: _1-24-2025_          By: _____
                               FRANK H. TAMEN
                               ASSISTANT UNITED STATES ATTORNEY

Date: _1|23|25_            By: _____
                               FRANK QUINTERO, JR.
                               ATTORNEY FOR DEFENDANT

Date: _1|23|25_            By: _____
                               DORIS ARENCIBIA
                               DEFENDANT

6