UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CR-20674-GAYLES(s)(s)(s)(s)(s)(s)

UNITED STATES OF AMERICA

v.

BORIS ARENCIBIA,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture [ECF No. 1152] ("Motion") against Defendant Boris Arencibia (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On May 8, 2024, a federal grand jury returned a Sixth Superseding Indictment charging the Defendant in Count 3 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), among other counts. Sixth Superseding Indictment, ECF No. 927. The Sixth Superseding Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 10.

On June 24, 2025, the Court accepted the Defendant's guilty plea to Count 3 of the Sixth Superseding Indictment. *See* Minute Entry, ECF No. 1115; Plea Agreement ¶ 1, ECF No. 1117.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 1116. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at ¶ 8.

According to the Defendant's Factual Proffer, beginning in 2013 and continuing until May 29, 2019, the defendant was involved in a conspiracy that entailed agreements with various codefendants to perpetrate mail fraud and to launder the proceeds of that fraud. Factual Proffer at ¶ 1, ECF No. 1116.

Products were sold under written, printed, and electronic representations about their nature and origins which were materially false, and which affected their value and marketability. *Id.* at ¶ 4. These false representations enabled the perpetrators to make significant profits selling products that, if truthfully described, would not have been marketable. *Id.* Defendant was aware and assisted with falsifications. *Id.*

Money obtained from the sales of these products was routed through multiple corporations using bank accounts controlled by straw owners. *Id.* at ¶ 5. Some of the corporations were deceptively named to closely resemble other, legitimate companies. *Id.* Money was wire-transferred from one account to another, then broken into smaller amounts and transferred again, through a series of transactions involving banks insured by the FDIC, ultimately being withdrawn

in cash. *Id.* Defendant was involved in setting up some of these corporations and accounts, and helped establish the means used to transfer the funds. *Id.* The purpose of transferring the money between and through multiple corporate accounts was to help disguise who owned and controlled the money, and the fact that it was derived through mail fraud. *Id.* at ¶ 6. An additional purpose was to obtain cash to purchase additional products that were then sold in furtherance of the scheme. *Id.*

A major part of Defendant's involvement in the conspiracy was in setting up and supplying products, through other coconspirators, to LDD Distributors LLC. *Id.* at ¶ 7. LDD Distributors obtained approximately $7,300,000.00 from sales of the products that were fraudulently misrepresented and were shipped in interstate commerce in furtherance of the conspiracy. *Id.* at ¶ 8. Defendant obtained a portion of this sum for his role in supplying the products and laundering the proceeds from their sales. *Id.* Defendant was also aware of the scope of the finances and proceeds obtained by LDD distributors. *Id.*

Based on the record in this case, the total value of the property involved in Count 3 of the Sixth Superseding Indictment is $7,300,000.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $7,3000,000.00 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of October, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE